UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REYNALDO HERRERA on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIRMAL, L.C. and RAMESH PATEL, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:23-cv-595 <br><br> JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND

1. Defendants Nirmal, L.C. and Ramesh Patel ("Defendant") required Plaintiff Reynaldo Herrera ("Plaintiff") to work more than forty (40) hours a week as a maintenance technician without overtime pay in violation of federal law. Defendants paid Plaintiff on a flat weekly amount without overtime.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other hourly workers, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former maintenance technicians, or similar employees, who performed work for Defendants during the three-year period before the filing of this Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as "Class Members."

1

4. Defendants cannot satisfy their burden to show that any FLSA exemption applies to Plaintiff or similar employees. As such, Defendants owe Plaintiff and Class Members back pay at the time and one-half rate for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and costs.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

7. Plaintiff worked in this District when the violations took place.

8. Defendant Nirmal, L.C., maintains its principal United States headquarters in Houston, Texas.

9. The individual Defendant Ramesh Patel the owner and president of Nirmal, L.C., resides in Harris County, Texas.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Reynaldo Herrera is an individual that performed work for Defendants in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

11. The Class Members are all of Defendants' maintenance technicians or similar employees who worked for Defendants throughout the state of Texas during the three-year period before the filing of this Complaint.

12. Defendant Nirmal, L.C., is a limited liability company organized under the laws of Texas. Defendant Nirmal, L.C., may be served process through its registered agent Ramesh Patel at 18103 Kings Row Road, Houston, Texas 77058 or wherever he may be found.

13. Defendant Ramesh Patel is an individual and may be served process at 18103 Kings Row Road, Houston, Texas 77058 or wherever he may be found.

### FLSA COVERAGE

14. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1). Defendants' employees handle goods that have traveled in interstate commerce such as pest control chemicals and pest control supplies. Defendants also process credit cards from out of state. Defendants also transact business with companies located outside the state of Texas.

16. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

17. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

18. Defendant Ramesh Patel is the owner of Nirmal, L.C.

19. Defendant Ramesh Patel is involved in the day-to-day business operation of Nirmal, L.C.

20. Defendant Ramesh Patel controlled the Plaintiff's schedule.

21. Defendant Ramesh Patel had final authority over the content of employee handbooks.

22. Defendant Ramesh Patel had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

23. Defendant Ramesh Patel made the decision to classify Plaintiff as an exempt employee.

24. Defendant Ramesh Patel made the decision not to pay Plaintiff overtime.

25. Defendant Ramesh Patel made the decision not to pay Class Members overtime.

26. As such, Defendant Ramesh Patel is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

## FACTS

27. Defendant Nirmal, L.C. is the operating company responsible for a Super 8 Motel located at 18103 Kings Row Road in Houston, Texas.

28. Defendant Nirmal, L.C. is named as Nirmal LLC on Plaintiff's pay stubs.

29. Defendant Ramesh Patel is the owner and president of Nirmal, L.C.

30. Defendant Patel owns and operates multiple hotels/motels across the State of Texas.

31. Plaintiff worked for Defendants as a maintenance technician from approximately May of 2022 to September of 2022.

32. As a maintenance technician, Plaintiff's primary duties involved handman and cleaning tasks at Defendants' motel.

4

33. Plaintiff's duties required he work seven days a week, typically for more than 60 hours a week.

34. Despite working well in excess of 40 hours in virtually every week of his employment, Defendants never paid Plaintiff overtime. Instead, Defendants just paid Plaintiff a flat weekly rate.

35. Defendants employ other maintenance technicians and other similarly situated laborers at other hotel/motel properties across the state.

36. No exemption under the FLSA shelters Defendants from paying Plaintiffs or the Class Members overtime.

37. Maintenance technicians do not supervise two or more full time employees.

38. Maintenance technicians do not make hiring or firing decisions with respect to other employees.

39. Plaintiff did not hire anyone during his tenure with Defendants.

40. Plaintiff did not fire anyone during his tenure with Defendants.

41. Maintenance technicians are not office employees. They perform manual labor.

42. Defendants paid Plaintiff and the Class Members in the same manner.

43. Plaintiff and Class Members have the same job duties.

44. Plaintiff and Class Members' job duties are to provide maintenance work at Defendants' properties.

45. Defendants' maintenance technicians work similar schedules and are similarly misclassified as exempt from overtime.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as maintenance technicians, and in substantially similar positions, within three (3) years from the commencement of this action who have, like Plaintiff, not been compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week.

47. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

48. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

49. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

50. That is, Defendants pay of all their maintenance technicians a flat weekly amount without overtime.

51. All maintenance technicians perform the same essential job functions regardless of location.

52. All maintenance technicians perform manual labor.

53. Defendants have a common job description that applies to all maintenance technicians.

54. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

55. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email, job posting, and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

56. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

57. The Class may be properly defined as follows:

All of Defendants' maintenance technicians, or substantially similar employees, who worked during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

58. Plaintiff incorporates the preceding paragraphs by reference.

59. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

60. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek.

61. Defendants cannot satisfy their burden to show that any exemption applies.

62. Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

63. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

64. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

65. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

### DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

66. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

67. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

68. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

### JURY DEMAND

69. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

### PRAYER FOR RELIEF

70. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

 a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

 b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

 c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

 d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813